**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

25 JAN 31  PM 5:01

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ C R _____
DEPUTY CLERK

| | |
|---|---|
| **GREGORY ROYAL,** §<br>§<br>    Plaintiff, §<br>§<br>    v. §<br>§<br>**REX JONES,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**BROOKE WRIGHT,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**APARTMENT MANAGEMENT PROFESS-** §<br>**IONALS,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**BRIDGE AT TERRACINA LLC,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**YENY REYES,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**ADRIAN VICENNES-REYES,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**BRIDGE AT TERRACINA LLC,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**ROGERS LAW FIRM,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**ERIN A. DEBOOY,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**HOUSING AUTHORITY OF THE CITY** §<br>**OF AUSTIN,** §<br>    Co-Defendant, individually and jointly, §<br>§<br>**FLEXIBLE FINANCE INC.,** in his official §<br>    Co-Defendant, individually and jointly. §<br>§ | Case No. 1:25CV00155 RP |

1

**Plaintiff respectfully requests a trial by jury in this matter.**

(Other individuals to be discovered and named §
during discovery in this proceeding as §
co-defendants, individually and jointly). §
§
§

## **VERIFIED COMPLAINT**

**Pursuant to 28 U.S.C. § 1746, I, <u>Gregory Royal</u>, hereby declare as follows:**

I make this declaration in support of VERIFIED COMPLAINT in the above-entitled matter.

## **JURISDICTION**

Plaintiff, Gregory Royal, hereinafter "Plaintiff," proceeding pro se, brings this action pursuant to the Civil Rights Act of 1964, the Fair Housing Act, 42 USC 3601 et seq., Texas Fair Housing Act, Fraud, Conversion, Breach of Contract (written and implied), Negligence, and other causes of actions for the defendants tortious conduct related, or distinct and discrete, to the unlawful January 31, 2023, eviction, and afterwards, to remedy violations of his civil and constitutional rights as protected by federal law, state law, and common law, including, but not limited to, discrimination, harassment, disparate treatment, and retaliation based his prior opposition conduct and race; and based on the defendants' premeditated commissions of criminal felonies, defamation, intentional infliction of emotional distress, etcetera, perpetrated against Plaintiff, as set forth below.

## **VENUE**

Venue is just and proper in the State of Texas (Western District of Texas, Austin division) because the defendants violated Plaintiff's civil and constitutional rights and committed all of the tortious conduct in the State of Texas.

### **Introduction**

2

**Plaintiff respectfully requests a trial by jury in this matter.**

Honorable Court, please appreciate that the gravamen herein is that in matters of Black/African American tenants (herein Gregory Royal) in conflicts with Whites, Hispanics, and other non-Blacks, AMP repeatedly engaged in racism, discrimination, violence, harassment, fraud, tortious conduct, and/or criminal acts against Black/African American tenant (herein me). I am a victim of AMP's racism, discrimination, and criminal acts because I am African American/Black.

Respectfully, Plaintiff, Gregory Royal, requests that this Honorable Court to retain and adjudicate this controversy in the interest of justice.

### Statement of Facts

1.      Apartment Management Professionals (AMP) is now located at 4833 Spicewood Springs Rd, Austin, TX 78759, (512) 682-6500.

2.      Rex Jones, at all times material, was and is the owner of AMP who manages the apartment properties of HACA, Austin Affordable Housing.

3.      Bridge At Terracina LLC, at all times material, was and is co-owned by AMP and the Housing Authority of the City of Austin or its subsidiary Austin Affordable Housing Corporation (AAHC), and located at 8100 N. Mopac Expy., Austin, TX 78759, (512) 345-0870.

4.      Brooke Wright, at all times material, was a property manager of Bridge At Terracina LLC and/or a regional manager of Apartment Management Professionals (AMP) who manages the apartment properties of HACA, Austin Affordable Housing.

5.      Yeny Reyes, at all times material, at all times material, was a property manager of Bridge At Terracina LLC.

6.      Adrian Vicennes-Reyes, at all times material, at all times material, was a property manager of Bridge At Terracina LLC.

3

**Plaintiff respectfully requests a trial by jury in this matter.**

7.    Housing Authority of the City of Austin (HACA) is located at 1124 S Interstate 35, Austin, TX 78704, (512) 477-4488.

8.    Austin Affordable Housing Corporation (AAHC), located at 1124 S Interstate 35, Austin, TX 78704, (512) 477-4488, is a nonprofit subsidiary of the HACA.

9.    Rogers Law Firm is located at 12401 Hymeadow Drive, Suite 1-C, Austin, Texas 78750, (512) 843-9809.

10.    Erin A. DeBooy is an attorney licensed to practice law in the State of Texas and works for the Rogers Law Firm, 12401 Hymeadow Drive, Suite 1-C, Austin, Texas 78750, (512) 843-9809, erin@rogerslawtexas.com, and represented the defendants related to the eviction case *Bridge At Terracina LLC v. Gregory Royal*, JP2-CV-22-5292 (hereinafter "eviction case"), and eviction on January 31, 2023.

11.    Flexible Finance Inc. (FLEX), is located at 228 Park Ave S #75995, New York, NY 10003-1502, and regularly conducted its business/operated within the State of Texas by repeatedly accessing Plaintiff's bank accounts and making rent payments on behalf of Plaintiff in the State of Texas.

12.    In matters of Black/African American tenants (herein Gregory Royal) in conflicts with Whites, Hispanics, and other non-Blacks, AMP repeatedly engaged in racism, discrimination, violence, harassment, fraud, tortious conduct, and/or criminal acts against Black/African American tenant (herein me). I am a victim of AMP's racism, discrimination, and criminal acts because I am African American/Black.

13.    On June 2, 2020, Brooke Wright filed her Property Incident Report ("incident report") that she knew comprised statements that were inaccurate and false. Ms. Wright made representations to Plaintiff that she would report Plaintiff's complaint that AMP's lawncare company had caused

4

**Plaintiff respectfully requests a trial by jury in this matter.**

Plaintiff to suffer, inter alia, a bloody eye, etc. However, Ms. Wright represented that no incident occurred, concealing that Plaintiff has suffered, inter alia, physical injuries caused by AMPs' lawncare company.

14.    Acting on behalf of AMP, Bridge At Terracina, LLC, HACA, and AAHC, Ms. Wright filed the June 2, 2020, incident report with knowledge that her statements were false to discriminate and retaliate against Plaintiff because he was Black and had engaged in prior opposition conduct by reporting the racism and discrimination of AMP in handling/responding to conflicts, physical violence, complaints between Black/African Americans and non-blacks.

15.    Plaintiff reported that AMP's maintenance (Hispanic) personnel was peeping into a female tenant's window at the Bridge At Terracina apartments, and Yeny Reyes (Hispanic) threatened Plaintiff with eviction, and ultimately did evict Plaintiff to shield and protect Hispanics and white/Caucasian tenants against Plaintiff because Plaintiff is Black/African American.

16.    Plaintiff complained that a white female tenant (unit 285) had threatened a black female tenant (185), a Charmia Madearis, with physical violence and to "deal with her [the white female's] husband]. Yeny Reyes on behalf of landlord defendants (AMP, Bridge At Terracina LLC, HACA, AAHC) retaliated and discriminated against Plaintiff by falsifying her written reports and evicting Plaintiff. Landlord defendants, with knowledge of the same, chose not to enforce the lease agreement against the white/Caucasian tenants because of their race.

17.    Plaintiff reported that Hispanic tenants has used his BBQ pit without his consent, and landlord defendants retaliated against Plaintiff because of his race and prior opposition conduct by ordering Plaintiff to remove his BBQ pit from property grounds while it allowed Hispanic tenants to retain their BBQ on the property grounds and the upper patio/steps—creating a fire hazard.

**Plaintiff respectfully requests a trial by jury in this matter.**

Landlord defendants, with knowledge of the same, chose not to enforce the lease agreement against the Hispanic tenants because of their race

18.     The Hispanic tenants repeatedly called Plaintiff a "NIGGER," but landlord defendants, with knowledge of the same, chose not to enforce the lease agreement against the Hispanic tenants because of their race.

19.     Plaintiff reported that a Hispanic tenant and a white/Caucasian tenant had carelessly scratched his car while parked in the parking lot and that those tenants made threats to physical hurt Plaintiff. Landlord defendants, with knowledge of the same, chose not to enforce the lease agreement against the Hispanic and white/Caucasian tenants because of their race.

20.     Landlord defendants chose to retaliate against Plaintiff by refusing to repair his air condition unit with knowledge that the temperature inside Plaintiff's apartment unit ranged between 84 to 86 degrees during the hot summer months of Austin, Texas.

21.     Landlord defendants chose to retaliate against Plaintiff by ordering him to remove his vehicle from its premises for having an expired inspection sticker while allowing a deluge of other tenants – non-Black tenants – to keep their vehicles parked on its grounds albeit those vehicles had inspection stickers that had expired prior to Plaintiff's inspection sticker. Landlord defendants, with knowledge of the same, chose not to enforce the lease agreement against the non-Black tenants because of their race.

22.     At all times material, landlord defendants knew that Plaintiff had complained to the Texas Housing regulatory agencies and HUD, the federal regulatory agency, regarding landlord defendants' racism, discrimination, violence, retaliation, etc. against Plaintiff because of his opposition conduct and race!

6

**Plaintiff respectfully requests a trial by jury in this matter.**

23.    On the witness stand, under oath of penalty for perjury, Rex Jones, owner of AMP, admitted that he did not manage, monitor, or inspect the conduct, decisions, or management of his local property management at the Bridge At Terracina Apartments or regional management inside the AMP office. Mr. Jones testified that he had absolutely no knowledge of the day-to-day operations related to tenancy at the Bridge At Terracina Apartments.

24.    On the witness stand, under oath of penalty for perjury, Adrien Vicennes-Reyes testified/admitted that Erin Debooy told him to stop accepting rent payments from Plaintiff including automatic online payments from FLEX on behalf of Plaintiff.

25.    As counseled/advised/directed by Erin Debooy, landlord defendants prohibited Plaintiff from making direct payments by accessing the local office via its drop box or to its property agents, via its online payment system RentCafe, and via FLEX. Landlord defendants returned multiple rent payments via certified mail.

26.    At all times material, FLEX represented to Plaintiff that it could not make the rent payments on his behalf because of Plaintiff's bank, Navy Federal Credit Union (NFCU). At all times material, Plaintiff's NFCU accounts possessed sufficient funds for the whole rent payments.

27.    FLEX continued to access Plaintiff's bank accounts while simultaneously repeating the false statements that Plaintiff's bank rejected the withdrawal of funds with knowledge that landlord defendants had refused to accept the payments.

28.    FLEX made the misrepresentations to Plaintiff to preserve its ability to do business at the Bridge At Terracina Apartments related to other tenants while continuing to access Plaintiff private information without Plaintiff's consent.

**Plaintiff respectfully requests a trial by jury in this matter.**

29.    Even after Plaintiff demanded that FLEX stop accessing his bank account and communicating in any form with Plaintiff, FLEX continued to violate Plaintiff's bank accounts and right to privacy.

30.    Before September 2022, Yeny Reyes, acting with actual authority or apparent authority, at the Bridge At Terracina Apartments represented to Plaintiff that if he would pay landlord defendants more than $5,000, landlord defendants would not pursue any eviction against him, but Plaintiff was required to make payment of the full balance by the end of day.

31.    Plaintiff believed that Ms. Reyes had the actual or apparent authority to act on behalf of landlord defendants and paid more than $5,000 rent payment to landlord defendants to bring his balance to zero.

32.    Plaintiff had a reasonable belief that Ms. Reyes possessed authority to act on behalf of landlord defendants.

33.    Yeny Reyes with knowledge that she would move for an eviction of Plaintiff from his apartment unit even if he paid all outstanding rental debt. Ms. Reyes misrepresented her authority and made false statements for the sole purpose of defrauding Plaintiff out of more than $5,000 with the knowledge that she and landlord defendants would evict Plaintiff.

34.    Landlord defendants consistently operated with a racist animus against Black/African American tenants who fell behind on rent but favored and allowed Hispanic tenants to accumulate very large rent debts greater than $6,500. Because of landlord defendants' favorable treatment of Hispanics with large rental debt, the same Hispanic tenants would simply leave Bridge At Terracina Apartments without paying off their outstanding balances. Landlord defendants, with knowledge of the same, chose not to enforce the lease agreement against the non-Black tenants because of their race.

8

**Plaintiff respectfully requests a trial by jury in this matter.**

35.    After first prohibiting Plaintiff from making rent payment via any possible means, landlord defendants moved for and obtained an eviction judgement against Plaintiff, on or about December 14, 2022, in JP2-CV-22-5292. Landlord defendants enforced the lease agreement, which is had consistently modified via waivers of enforcement towards non-Blacks, against the non-Black tenants because of their race—i.e., against Plaintiff because of his prior opposition conduct of reporting discrimination, retaliation, etc. in housing and race.

36.    During case of JP2-CV-22-5292, before the trial began, Erin Debooy, attorney for landlord defendants, represented to the court that "she was still 'breastfeeding' and had forgotten her breast pump at her home" as a basis for asking that court for a quick summary judgement against Plaintiff.

37.    It is likely that Ms. Debooy misrepresented her 'breastfeeding' solely to gain the summary judgement bias from that court and jury.

38.    During the trial, Ms. Debooy repeatedly moaned, groaned, and wiggled as if she was in pain from needing to breastfeed, and the court repeatedly admonished Plaintiff for objecting that Ms. Debooy was only acting to create a prejudice against Plaintiff in the jury.

39.    At Ms. Debooy's repeated requests, that court prohibited Plaintiff's witnesses from giving any testimony beyond their names in support of Plaintiff.

40.    Plaintiff's witness, a Tracy White, remarked to Plaintiff that Ms. Debooy did not have any breast pads on when she observed her in the restroom, opining that Ms. Debooy may not have been still breastfeeding at the time.

41.    After dragging Plaintiff for about a month in a fraudulent misrepresentation that landlord defendants desired to reach a settlement, Ms. Debooy ordered the Travis County Constable Office to forcefully evict Plaintiff on January 31, 2023.

**Plaintiff respectfully requests a trial by jury in this matter.**

42.     After January 2023, landlord defendants via their property manager, Adrian Vicennes-Reyes, continued to harass and retaliate against Plaintiff by converting his mail, a Consular Report of Birth Abroad (birth certificate), to landlord defendant's ownership and possession for more than six or seven months.

43.     Mr. Vicennes-Reyes possess a racist animus against Plaintiff because during the hearing in JP2-CV-22-5292, Mr. Vicennes-Reyes testified that he was legally married to a woman who was born a female, i.e., born with a vagina.  However, Plaintiff questioned Mr. Vicennes-Reyes as to the fact that he had, at all times material, held himself out to be a homosexual male.

44.     Plaintiff and Ms. White had witnessed Mr. Vicennes-Reyes kiss, hug, and even engage in extremely heated arguments with his male lovers prior to the jury trial, JP2-CV-22-5292, on December 14, 2014.

45.     Landlord defendants via Mr. Vicennes-Reyes did not intend to notify Plaintiff that they possessed his birth certificate.

46.     Via the conversion of Plaintiff's birth certificate, and other mail that the landlord defendants did not return to Plaintiff, landlord defendant and Mr. Vicennes-Reyes prohibited Plaintiff from obtaining a driver's license or state ID, another apartment/place of residence, employment, current inspection sticker from his car, and meet his financial obligations.

47.     Landlord defendants' conversion forced Plaintiff to remain homelessness, poverty, unemployment, etc., and to suffer an increase to his already severe and untreated depression, insomnia, mental anguish, emotional distress, daily body, stomach, neck, heart, and head, aches.

48.     Rex Jones admitted that he did not take any oversight of the daily operation at the Bridge At Terracina Apartments, he did not manage, monitor, or inspect the conduct, decisions, or management of his local property management at the Bridge At Terracina Apartments or regional

10

**Plaintiff respectfully requests a trial by jury in this matter.**

management inside the AMP office. Mr. Jones testified that he had absolutely no knowledge of the day-to-day operations related to tenancy at the Bridge At Terracina Apartments.

### Count I
### The Civil Rights Act of 1964

49.    Plaintiff incorporates paragraphs 1 through 48, inclusive, as fully set forth herein.

50.    Landlord defendants, Roger Law, and Erin A. Debooy acted with a racist animus against Plaintiff because of is opposition conduct and race.

51.    Landlord defendants engaged in fraudulent and deceptive business practices to gain an unlawful eviction against Plaintiff.

### Count II
### The Fair Housing Act, 42 USC 3601 et seq.

52.    Plaintiff incorporates paragraphs 1 through 51, inclusive, as fully set forth herein.

### Count III
### Texas Fair Housing Act

53.    Plaintiff incorporates paragraphs 1 through 52, inclusive, as fully set forth herein.

### Count IV
### Fraud Against Landlord Defendants

54.    Plaintiff incorporates paragraphs 1 through 53, inclusive, as fully set forth herein.

### Count V
### Fraud Against Yeny Reyes

55.    Plaintiff incorporates paragraphs 1 through 54, inclusive, as fully set forth herein.

### Count VI
### Fraud Against Erin Debooy & Rogers Law Firm

56.    Plaintiff incorporates paragraphs 1 through 55, inclusive, as fully set forth herein.

### Count VII
### Fraud Against FLEX

57.    Plaintiff incorporates paragraphs 1 through 56, inclusive, as fully set forth herein.

11

**Plaintiff respectfully requests a trial by jury in this matter.**

## Count VIII
### Fraud Against Brooke Wright

58.   Plaintiff incorporates paragraphs 1 through 57, inclusive, as fully set forth herein.

## Count IX
### Conversion Against Landlord Defendants

59.   Plaintiff incorporates paragraphs 1 through 58, inclusive, as fully set forth herein.

## Count X
### Breach of Contract (Written and Implied) Against Landlord Defendants

60.   Plaintiff incorporates paragraphs 1 through 59, inclusive, as fully set forth herein.

## Count XI
### Breach of Contract (Written and Implied) Against FLEX

61.   Plaintiff incorporates paragraphs 1 through 60, inclusive, as fully set forth herein.

## Count XII
### Negligence Against Landlord Defendants,

62.   Plaintiff incorporates paragraphs 1 through 61, inclusive, as fully set forth herein.

## Count XIII
### Gross Negligence Against Landlord Defendants

63.   Plaintiff incorporates paragraphs 1 through 62, inclusive, as fully set forth herein.

## Count XIV
### Negligence Against FLEX

64.   Plaintiff incorporates paragraphs 1 through 63, inclusive, as fully set forth herein.

## Count XV
### Negligence Against Flex

65.   Plaintiff incorporates paragraphs 1 through 64, inclusive, as fully set forth herein.

## Count XVI
### Gross Negligence Against Flex

66.   Plaintiff incorporates paragraphs 1 through 65, inclusive, as fully set forth herein.

**JURY DEMAND**

**Plaintiff respectfully requests a trial by jury in this matter.**

**The Plaintiff requests trial by jury.**

WHEREFORE, the Plaintiff Gregory Royal prays that this Honorable Court award him:

(a)     TEN MILLION DOLLARS against landlord defendants, individually and

jointly;

(b)     TEN MILLION DOLLARS against Erin A. Debooy and the Rogers Law Firm,

individually and jointly;

(c)     TEN MILLION DOLLARS against Flexible Finance Inc;

(d)     Punitive damages to be awarded respective to any count that affords Plaintiff to

collect punitive damages related to the above counts;

(e)     costs and expenses incurred with this lawsuit with interest thereon; and

(f)     other damages and further relief as deemed just.

**I declare under penalty of perjury, that the foregoing is true and correct.**

Executed on this **31st day of January 2025.**

Gregory Royal

Respectfully submitted,

Gregory Royal
Plaintiff, *pro se*
4021 Steck Ave., Apt. 624
Austin, Texas 78759
(737) 808-6700


## DEFENDANTS

**Apartment Management Professionals (AMP)** - 4833 Spicewood Springs Rd, Austin, TX 78759, (512) 682-6500.

**Rex Jones**- 4833 Spicewood Springs Rd, Austin, TX 78759, (512) 682-6500.

13

**Plaintiff respectfully requests a trial by jury in this matter.**

**Bridge At Terracina LLC** - 8100 N. Mopac Expy., Austin, TX 78759, (512) 345-0870.

**Brooke Wright** - 4833 Spicewood Springs Rd, Austin, TX 78759, (512) 682-6500.

**Yeny Reyes** - 4833 Spicewood Springs Rd, Austin, TX 78759, (512) 682-6500.

**Adrian Vicennes-Reyes** - 4833 Spicewood Springs Rd, Austin, TX 78759, (512) 682-6500.

**Housing Authority of the City of Austin** (HACA) - 1124 S Interstate 35, Austin, TX 78704, (512) 477-4488.

**Austin Affordable Housing Corporation** (AAHC) - 1124 S Interstate 35, Austin, TX 78704, (512) 477-4488, is a nonprofit subsidiary of the HACA.

**Rogers Law Firm** - 12401 Hymeadow Drive, Suite 1-C, Austin, Texas 78750, (512) 843-9809.

**Erin A. DeBooy** - Rogers Law Firm, 12401 Hymeadow Drive, Suite 1-C, Austin, Texas 78750, (512) 843-9809.

**Flexible Finance Inc.** (FLEX) - 228 Park Ave S #75995, New York, NY 10003-1502, (929) 470-3783.

14

**Plaintiff respectfully requests a trial by jury in this matter.**