**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Gregory Royal,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CASE NO. 1:25-cv-00155** |
| | § | |
| **Rex Jones et al.,** | § | |
| | § | |
| *Defendants* | § | |
| | § | |

**DEFENDANT FLEXIBLE FINANCE INC.'S MOTION TO DISMISS**

More than two years after Plaintiff Gregory Royal ("Royal") was evicted (pursuant to a jury trial) from the Bridge at Terracina apartment complex in Northwest Austin, Royal sued almost a dozen defendants, including Defendant Flexible Finance, Inc. ("Flex"). Flex is a New York-based financial technology company that enables renters (like Royal) to split their rent over smaller payments. Most of Royal's claims involve allegations of discrimination by his landlord and related individuals/entities (including the attorneys who represented his landlord in the eviction lawsuit). As to Flex, Royal challenges Flex's alleged failure to pay rent on Royal's behalf and Flex's alleged improper access to Royal's bank account. Flex requests that the Court dismiss Royal's claims against it for insufficient service of process and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(5) & (6).

Royal attempted to effectuate service of process on Flex by having the Western District of Texas District Clerk's Office send the summons and complaint via certified mail to 228 Park Ave, # 75995, New York, NY 10003-1502. Dkt. 13 at 1–2. This was insufficient under federal, Texas, and New York law, each of which require a plaintiff to serve a corporate defendant (like Flex)

through its registered agent or through another agent authorized to receive service of process, none of whom are located at 228 Park Ave.

Should the Court find that service was proper, Flex asks the Court to dismiss Royal's claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Royal's Complaint includes only six paragraphs that mention Flex. *See* Dkt. 1 at ¶¶ 24–29. These can be boiled down to three factual allegations, none which gives rise to claims for breach of contract, fraud, negligence, or gross negligence:

- Per its lawyer's instructions, Royal's landlord "refused to accept the payments" from Flex and prohibited Royal from making rent payments through any other method. *Id.* ¶¶ 24–26.

- Flex represented to Royal "that it could not make … rent payments on his behalf" because Royal's "bank rejected the withdrawal of funds." *Id.* ¶¶ 26–27.

- Flex "access[ed] Plaintiff's bank accounts" and "private information without Plaintiff's consent." *Id.* ¶¶ 27–29.

## I.    ARGUMENT AND AUTHORITIES

The Court should dismiss Royal's claims because he failed to properly serve Flex. *See* Fed. R. Civ. P. 12(b)(5). Separately, the Court should dismiss Royal's claims because his Complaint fails to state a claim against Flex. *See* Fed. R. Civ. P. 9(b), 12(b)(6). Flex addresses each in turn.

**A. The Court should dismiss Royal's claims against Flex under Rule 12(b)(5) because his attempted service of process was insufficient.**

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed.Appx 343, 344 (5th Cir. 2007). A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

Under federal law, a plaintiff can effectuate service on a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). A plaintiff can also effectuate service on a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (stating that a corporation can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual").

All applicable law—federal, Texas, and New York law—requires Royal to serve the summons and complaint by delivery to Flex's registered agent or through another agent authorized to receive service of process. Fed. R. Civ. P. 4(h)(1)(B); *see also Harkins v. Citizens Bank*, 744 F. Supp. 3d 268, 275 (W.D.N.Y. 2024) ("Under New York law, service upon a corporation requires delivery of the summons 'to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.' Service is also permitted by personally serving a registered agent or the secretary of state.") (citations omitted); *Zhao v. Sea Rock, Inc.*, 659 S.W.3d 119, 127 (Tex. App.—El Paso 2022, pet. denied) ("To perfect service on a defendant corporation, a plaintiff may serve the corporation's registered agent, its president, or its vice-president. Thus, when a plaintiff attempts service on a defendant corporation, the plaintiff must ensure that the record shows that the person actually served was in fact the Corporation's registered agent or was otherwise authorized to accept service on the corporation's behalf.") (internal citations omitted).

Royal attempted to effectuate service of process on Flex by having the Western District of Texas District Clerk's Office send the summons and complaint via certified mail to 228 Park Ave, # 75995, New York, NY 10003-1502. Dkt. 13 at 1–2. This address is associated with a P.O. Box

that receives Flex's incoming physical mail, which is then scanned and distributed by a third party. Ex. 1 (Jacobson declaration). No Flex employee is located there, nor is any person authorized to accept service on Flex's behalf. *Id.* Further, Flex's registered agent, FileJet Inc., is not located at this address. Ex. 2 (copy of Certificate of Change filed with New York Department of State, Division of Corporations, listing 41 Broadway, Fl. 12, Ste. 12-300, New York, NY, 10004-1617 as Flex's registered agent's address); Ex. 3 (copy of the Filing Receipt for the Certificate of Change listing same). Accordingly, Royal cannot meet his burden to prove the validity of his service of process. *See Holly*, 213 F. App'x at 344 ("The party making service has the burden of demonstrating its validity when an objection to service is made.") (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992)). Indeed, the return of service does not include a signed return receipt indicating who received the summons and complaint. Dkt. 13 at 1–2; *see also* Tex. R. Civ. P. 107(c) ("When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature."). And because it has been more than 90 days since Royal filed his Complaint was filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

**B.  The Court should dismiss Royal's claims against Flex under Rule 12(b)(6) because Royal fails to state a claim.**

Under Rule 12(b)(6), the Court must dismiss Royal's claims if his Complaint fails to set forth a set of facts that, if true, would entitle him to his requested relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To meet this standard, Royal's allegations "must make relief plausible, not merely conceivable." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (citations omitted). Courts do not need to "accept as true a legal conclusion couched as a factual allegation."

*Id.* (citations omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In other words, Royal's Complaint must provide "more than labels and conclusions" and more than "a [mere] formulaic recitation of the elements of a cause of action …." *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286).

Even though *pro se* complaints "receive a 'liberal construction' … 'mere conclusory allegations on a critical issue are insufficient.'" *Oyekwe v. Rsch. Now Grp., Inc.*, 542 F. Supp. 3d 496, 503 (N.D. Tex. 2021) (quoting *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021)) (ellipsis removed) (dismissing a *pro se* complaint). Further, liberally construing a *pro se* complaint does not require a court to "create causes of action where there are none" and "[t]o demand otherwise would require the courts to explore exhaustively all potential claims of a pro se plaintiff and would transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Johnson v. Bayanyeh*, No. 3:22-CV-1732-S-BN, 2022 WL 4227536, at *2 (N.D. Tex. Aug. 12, 2022) (citations omitted), report and recommendation adopted *Johnson v. H&F Motors, Inc.*, No. 3:22-CV-1732-S-BN, 2022 WL 4227517, at *1 (N.D. Tex. Sept. 13, 2022) (dismissing a *pro se* complaint).

## 1. Royal fails to state a fraud claim against Flex.

For his fraud claim to survive dismissal under Rule 12(b)(6), Royal must sufficiently allege that: (1) Flex intended to defraud Royal by making a material misstatement or omission, (2) Royal relied on that misstatement or omission, and (3) the reliance caused Royal harm. *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997) (citing *Cyrak v. Lemon*, 919 F.2d 320 (5th Cir.1990)). Additionally, Royal must satisfy the heightened pleading requirements of Rule 9(b) by stating the circumstances constituting fraud "with particularity." Fed. R. Civ. P. 9(b); *see also McBryde v.*

*KBHS Home Loans, LLC*, No. A-22-CV-1038-RP, 2023 WL 11830023, at *3 (W.D. Tex. June 27, 2023) (dismissing a *pro se* fraud claim because "[e]ven the most liberal construction of the complaint fails to meet the heightened pleading standard of Rule 9(b)) (citations omitted); *Burns v. Wells Fargo Bank NA*, No. 3:14-CV-3866-G-BH, 2015 WL 5851376, at *3 (N.D. Tex. Oct. 7, 2015), report and recommendation adopted *Burns v. Wells Fargo Bank*, No. 3:14-CV-3866-G (BH), 2015 WL 6549174 (N.D. Tex. Oct. 28, 2015) (dismissing a *pro se* fraud claim "under Rule 9(b) for failure to meet the rule's heightened pleading requirements, and under Rule 12(b)(6) for failure to state a claim."). In other words, Royal must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *WMX Techs.*, 112 F.3d at 177; *see also Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim.) (internal quotations omitted).

Here, Royal's sole allegation related to fraud is that Flex misrepresented that it "could not make … rent payments on [Royal's] behalf" because Royal's "bank rejected the withdrawal of funds." Dkt. 1 at ¶¶ 26–27. Royal suggests that this representation was false because his bank account had "sufficient funds for the whole rent payments" and because the landlord was the real reason Flex could not make rent payments on Royal's behalf. This is not enough. Royal does not allege who at Flex made this representation, when they made the representation, or where/how they made the representation. *WMX Techs.*, 112 F.3d at 177. Thus, Royal's Complaint does not meet the heightened pleading requirements of Rule 9(b).

Nor does Royal's Complaint meet the Rule 12(b)(6) pleading standard. Royal does not allege that Flex made this representation with the intent to defraud, that Royal relied on this

representation, or that his reliance caused him injury. *Id.* Indeed, the Court must dismiss Royal's fraud claim because he judicially admits that he did not rely on Flex's alleged misrepresentation and that his former landlord caused his alleged injury. *See White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them."); *Zamorano v. Zyna LLC*, No. SA-20-CV-00151-XR, 2020 WL 2316061, at *4 n.8 (W.D. Tex. May 11, 2020) (noting the same principle). Specifically:

- Royal admits that he did not rely on Flex's alleged misrepresentation because he sought to make payments by certified mail, through the landlord's drop box, through the landlord's property agents, and through the landlord's "online payment system RentCafe." Dkt. 1 at ¶ 25.

- Royal admits that his former landlord caused his alleged injury by refusing to accept payments from Flex, by returning rent payments Royal made via certified mail, and by prohibiting Royal from making rent payments through any other method. *Id.* ¶¶ 24–26, 35.

For these reasons, Flex requests that the Court dismiss the fraud claim against it.

**2. Royal fails to state a breach of contract claim against Flex.**

The elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *SBI Crypto Co. v. Whinstone US, Inc.*, No. 623CV00252ADAJCM, 2023 WL 7443202, at *2 (W.D. Tex. Oct. 25, 2023) (citing *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). Here, Royal appears to allege Flex breached the contract in two ways: (1) by accessing Royal's bank accounts and private information without Royal's consent and (2) by failing to make rent payments on Royal's behalf. Dkt. 1 at ¶¶ 26–29. Neither of these alleged breaches can support a breach of contract claim.

*First*, while Flex does not deny that Royal agreed to be bound by Flex's terms of service by using its services, Royal does not allege any language or terms of the alleged contract between him and Flex, let alone identify the terms that Flex allegedly breached. *See Scorza v. Delta Airlines, Inc.,* No. SA-17-CV-1217-XR, 2018 WL 3342891, at *2 (W.D. Tex. Jan. 10, 2018) (granting motion to dismiss breach of contract claim, with leave to amend, because plaintiff "allege[d] no facts about the language or terms of the contract"); *Doe 1 v. Baylor Univ.*, 240 F. Supp. 3d 646, 668 (W.D. Tex. 2017) (granting motion to dismiss breach of contract claim when plaintiffs did not identify "the terms or obligations of the purportedly breached contract, nor [did] they suggest what document or documents comprise that contract").

*Second*, while Flex denies it ever improperly accessed Royal's bank accounts or private information, Royal does not allege any damages caused by any such improper access. This is an essential element of Royal's breach of contract claim. *SBI Crypto Co.* 2023 WL 7443202, at *2.

*Third*, Royal does not allege that Flex's alleged breach of contract caused him injury. *Id.* Indeed, the Court must dismiss Royal's breach of contract claim because he judicially admits that his former landlord caused his injury. *See White*, 720 F.2d at 1396 (stating that factual assertions in pleadings are normally considered judicial admissions "binding on the party who made them."); *Zamorano*, 2020 WL 2316061, at *4 n.8 (same). Specifically, Royal admits that his former landlord "stopped" accepting rent payments from Flex, "refused to accept" payments from Flex, and "prohibited" Royal "from making direct payments … via Flex." *Id.* ¶¶ 24–26. Royal ultimately concedes that his former landlord is liable because it "moved for and obtained an eviction judgement against" Royal after it "prohibited" him "from making rent payment via any possible means." *Id.* ¶ 35.

For these reasons, Flex requests that the Court dismiss Royal's breach of contract claim against it.

**3. Royal fails to state claims for negligence or gross negligence against Flex.**

"The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Here, Royal failed to plead any of the elements of negligence. He does not allege that Flex owed him a legal duty outside of a contractual duty, he does not allege that Flex breached a legal duty, and he does not allege that such a breach proximately caused Royal damages.

Even if Royal had sufficiently pleaded a negligence claim, he does not sufficiently allege the two additional components required to elevate a negligence claim to one of gross negligence. *See Coastal Transp. Co. v. Crown Cent. Pet. Corp.*, 136 S.W.3d 227, 231 (Tex. 2004) (explaining the "two components" of gross negligence listed in section 41.001 of the Texas Civil Practice and Remedies Code). Royal does not allege that any occurrence involved "an extreme degree of risk." And Royal does not allege that—with "actual, subjective awareness" of that risk—Flex proceeded with "conscious indifference to the rights, safety, or welfare of others."

Further, even if his Complaint sufficiently pleaded a negligence and gross negligence claim, it would be barred by the economic loss rule because Royal has not alleged any damages, let alone ones that are unique from those that would flow from a breach of contract. *See, e.g.*, *KEM Constr., LTD. v. Colossal Contracting, LLC*, No. SA-23-CV-01038-XR, 2024 WL 1747651, at *5 (W.D. Tex. Apr. 23, 2024) ("The economic loss rule will bar negligent misrepresentation claims where a plaintiff alleges no damages independent from those resulting from breach of contract.") (citing *Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 653 (W.D. Tex.

2019); *AT & T Corp. v. Park I-10 Motors*, No. SA-13-CV-644-XR, 2015 WL 150254, at *6 (W.D. Tex. Jan. 12, 2015)).

Finally, Royal's negligence and gross negligence claims are barred by the applicable two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *see also Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013, no pet.) (applying two-year statute of limitations from section 16.003(a) to negligence claim). Royal's Complaint alleges that the defendants' misconduct led to his eviction from the Bridge at Terracina apartments. However, Royal admits that the eviction judgment was signed in December 2022. Dkt. 1 at ¶ 35 (alleging that landlord "moved for and obtained an eviction judgement against Plaintiff, on or about December 14, 2022"). Because Royal filed suit on January 31, 2025, more than two years from December 14, 2022, Royal's claims for negligence and gross negligence should be dismissed as time barred.

For these reasons, Flex requests that the Court dismiss Royal's claim for negligence or gross negligence.

## II.    CONCLUSION

Royal's attempted service of process on Flex was insufficient and, thus, his claims should be dismissed under Rule 12(b)(5). Additionally, Royal failed to meet the pleading standards of Rules 12(b)(6) and 9(b). Accordingly, Flex respectfully requests that the Court grant its Motion to Dismiss and dismiss all of Plaintiff's claims against Flex and award all other and further relief to which Flex is entitled at law or in equity.

Dated: May 27, 2025                          Respectfully submitted,

                                             _/s/ Katherine P. Chiarello_
                                             Katherine P. Chiarello
                                             State Bar No. 24006994
                                             katherine@bccaustin.com
                                             Travis Maples
                                             State Bar No. 24116715
                                             travis@bccaustin.com

                                             **BOTKIN CHIARELLO CALAF PLLC**
                                             1209 Nueces Street
                                             Austin, Texas 78701
                                             T: (512) 566-3909
                                             F: (737) 289-4695

                                             **ATTORNEYS FOR DEFENDANT
                                             FLEXIBLE FINANCE INC.**

## CERTIFICATE OF SERVICE

        I hereby certify that on May 27, 2025, a true and correct copy of this document has been
served via filing through the ECF system.

                                             _/s/ Katherine P. Chiarello_
                                             Katherine P. Chiarello